UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAMCO MANUFACTURING, INC., et al., <br><br> Defendants. | 3:12-CV-00222-LRH-VPC <br><br> ORDER |

Before the court is Plaintiffs' Motion for Remand (#4[1]). Defendant filed an opposition (#6), and Plaintiff replied (#11).

## I.  Facts and Procedural History

This action arises out of a single-vehicle automobile accident on August 9, 2009. Donald and Regine McDowell were driving in a 2004 Ford Expedition and pulling a trailer on U.S. 95 near Winnemucca, Nevada, when the trailer suddenly began to sway left and right, Donald lost control of the Ford, and it overturned. Donald later inspected the trailer hitch and noticed that the welded connection between the receiver on the Ford and the ball receiver on the trailer hitch had been fractured. The trailer hitch was manufactured and sold by Camco Manufacturing, Inc.

---

[1] Refers to the court's docket entry number.

On August 4, 2011, the McDowells and their insurance company, State Farm Mutual Automobile Insurance Company, as their subrogee, filed a lawsuit in state court against Camco for negligence, strict products liability, and breach of warranties of merchantability and fitness. The complaint alleges the McDowells sustained personal injuries in excess of $10,000, property damage in excess of $10,000, and paid a deductible of $500, and it includes a prayer for these damages, plus costs, attorney's fees and accrued interest.

On April 20, 2012, Camco removed the action to this court on the basis of diversity jurisdiction. Regarding the amount in controversy, Camco represented in its notice of removal that the amount in controversy was not obvious from the face of the complaint and that Camco was unaware of the full extent of Plaintiffs' claim until March 23, 2011, when plaintiffs supplemented their mandatory pretrial disclosures with a computation of damages, as required by state court rules. Camco contends that the notice of removal is therefore timely as filed within thirty days of that date, in conformity with 28 U.S.C. § 1446(b)(3).

Plaintiffs now move to remand the action, contending that satisfaction of the amount in controversy requirement was apparent as of either (a) December 12, 2011, when Camco was provided with Plaintiffs' Initial Disclosures, which contained photographs of the property damage to the car and trailer and the McDowells' medical records; or (b) on March 6, 2012, when Camco was additionally served with Plaintiffs' First Supplement to its disclosures, which added a computation of damages section indicating that Plaintiffs were seeking $50,390.70 in property damage, plus unspecified damages for personal injuries to the McDowells. The notice of removal would have been untimely if either date applies.

Plaintiffs contend that the Second Supplement issued on March 23, 2011, included an expert report on liability and added alleged amounts sought for general pain and suffering for Donald and Regine McDowell of $50,000 and $25,000, respectively, but included no new medical records and added no new damages claims.

2

**II.     Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).

In diversity cases, the notice of removal ordinarily must be filed within 30 days after receipt of the initial pleading.  *See* 28 U.S.C. § 1446(b)(1).  However, subject to a one-year limit, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see also id.* § 1446(c)(1) (one-year limit).

This provision "expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been *manifested* only by later papers, revealing the grounds for removal for the first time." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997), *adopted in Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).  If the case is initially not removable because the initial pleading is indeterminate, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.  The grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d at 162, *quoted in Harris*,

3

425 F.3d at 695. This standard aims to achieve "certainty and predictability" regarding removability and to avoid "gamesmanship in pleading" and "collateral litigation over whether the pleadings contained a sufficient 'clue,' whether the defendant had subjective knowledge, or whether the defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697.

### III.  Discussion

Applying these standards of inquiry to the present case, the court finds that it would not have been apparent within the four corners of any documents that the minimum amount in controversy was satisfied until Plaintiffs issued their Second Supplement on March 23, 2012, which specified that the McDowells were seeking damages for pain and suffering of $75,000, in addition to the previously-disclosed claim for $50,390.70 in property damages.

Plaintiffs submit that Camco's notice of removal should have been filed within 30 days of receiving information, such as the McDowells' medical records, that it "reasonably needed to assess and value Plaintiffs [sic] damages," and that Camco was "reasonably on notice" at that time that more that $75,000 was at issue. The court rejects these arguments, however, as they are contrary to the legal standard expressly set forth in *Harris*. There, the Ninth Circuit expressly rejected the notion that removing defendants have "a duty to make further inquiry" into the extent of a plaintiff's claim for damages based on "clues" within the pleadings, and instead prescribed that removability must be apparent "on the face" of the pleadings or subsequent papers and must be determined through examination of "the four corners" of those papers. *Harris*, 425 F.3d at 694-95.

The facts of this case warrant no exception to that rule. Notwithstanding the fact that this case involved a rollover accident, which might have caused serious injuries, the information contained in the McDowells' medical records does not clearly indicate that the McDowells sustained such injuries that their personal injury claims would bring this case over the jurisdictional threshold.

4

Contrary to Plaintiffs' argument, this is not inconsistent with the "'strong presumption' against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), or "the canon that instructs that removal statutes should construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris*, 425 F.3d at 698. Rather, it is "consistent with the goal of the canon, which guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation." *Id*. Also, not starting the clock until the jurisdictional facts supporting removal are evident is also consistent with the stringent standards applied to removed diversity cases and the substantial burden faced by removing defendants in establishing those jurisdictional facts, including the amount in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[T]he court . . . may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Because it was not apparent on the face of any pleadings or other papers received by Camco that the amount in controversy exceeded $75,000 until March 23, 2012, the court finds that Camco's notice of removal was timely filed within thirty days of that date, on April 20, 2012, in conformity with 28 U.S.C. § 1446(b)(3).

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand (#4) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE